UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

WILLIAM R. ENNIS,

        Plaintiff,                    Case No. 1:09-cv-299

v.                                        Honorable Paul L. Maloney

MARY BERGHUIS et al.,

        Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.        Factual allegations

Plaintiff William R. Ennis presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Earnest C. Brooks Correctional Facility (LRF). He sues the following LRF employees: Warden Mary Berghuis, School Principal L. Peak, Grievance Coordinator James Mennrick, and Classification Director (unknown) Johnson.

According to the allegations of his amended complaint, Plaintiff does not possess a high school diploma or GED certificate. Between 1994 and 2009, Plaintiff had an institutional exemption from attending school. He alleges that the exemption was issued because of his psychological problems, which were caused by his service in the Vietnam war. After he was transferred to LRF, Plaintiff was assigned to school, and his school exemption was discontinued. Plaintiff filed several grievances (on September 29, 2008, October 29, 2008 and February 10, 2009), complaining about his school placement and contending that his exemption under MDOC policy was permanent and should not have been removed. Plaintiff complains that, when he refused to attend school, he was placed on "Double O status," under which he was restricted to his cell for nine-and-one-half hours per day.

Plaintiff also complains that Defendant Peak reviewed his grievance at Step I, in violation of MDOC policy. He alleges that Defendant Johnson, as LRF Classification Director, had a "duty to uphold the truth, and disclose plaintiff's medical records to why he could not go to school." (Am. Compl. at 3.) He further contends that Defendant Warden Berghuis had the power to remove him from Double O status and reinstate his medical exemption from school, but failed to do so.

For relief, Plaintiff seeks removal from Double O status and transfer to a different cell. He also seeks damages for each day spent on Double O status between September 29, 2008 and May 22, 2009, when he apparently was removed from that status. In addition, Plaintiff seeks damages for the actions of unnamed A-unit corrections officers who on unspecified occasions subjected him to "inhuman treatment by denying plaintiff the right to use the rest room by not making stops at my cell for me to request to use the rest room." (Am. Compl. at 4.)

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Violations of MDOC Policy

Plaintiff claims that Defendants removed his exemption and assigned him to school programming in violation of MDOC policy. He contends that, when he refused to attend school, he was placed on Double O status, which restricted him to his cell for over nine hours each day. In addition, Plaintiff claims that Defendant Peak violated MDOC policy by reviewing and denying his Step I grievance.

Under MDOC policy, prisoners are assigned to programs in accordance with their needs and institutional resources. *See* MICH. DEP'T OF CORR., Policy Directive 05.01.00 (eff. Jan. 1, 2001). Unless exempt, any prisoner who does not have a high school diploma or GED certificate must be placed in an appropriate ABE or GED preparation class. MICH. DEP'T OF CORR., Policy Directive 05.02.112, ¶ K. Exemptions from the school attendance policy are as follows:

P. ABE/GED programming is not required for prisoners who:

1. Are 65 years of age or older.

2. Were gainfully employed immediately before committing the crime for which the prisoner is incarcerated as reflected in the pre-sentence

        investigation report prepared pursuant to PD 06.01.140 "Pre-sentence Investigation and Report." This does not include employment in an illegal activity.

    3.    Do not have the necessary proficiency in English to attain a GED certificate.

    4.    Have learning impairments. A learning impairment is defined as a chronic condition hindering the ability to improve academic learning . . . .

    5.    Are special education students and are progressing toward the goals set forth in the prisoner's Individual Education Plain (IEP) developed pursuant to PD 05.02.114 "Special Education Services for Prisoners."

    6.    Have documented medical problems which preclude participation in the education program.

    7.    Are unable to successfully complete the requirements for a GED certificate at no fault of the prisoner's own.

Q.    In order for a prisoner to be exempt from ABE/GED programming pursuant to Paragraph P, education staff must complete a GED Completion Exemption form (CAJ-789) and forward it to the Warden for approval. If approved, the prisoner shall not be required to participate in ABE/GED programming. An approved exemption shall remain in effect until the basis for the exemption is no longer valid, as determined by the Warden where the prisoner is housed.

MICH. DEP'T OF CORR., Policy Directive 05.02.112, ¶¶ P, Q. A prisoner who refuses to accept or fails to fully and actively participate in a school or work assignment may be reclassified as unemployable. MICH. DEP'T OF CORR., Policy Directive 05.01.00 ¶ Y(3). Unemployable prisoners, with the exception of those deemed unemployable because of their medical condition are not permitted to participate in any more leisure time activities than those who work full time. *Id.*, ¶ AA.

        Under the MDOC grievance policy, a person who is the subject of a grievance is prohibited from participating in any capacity in the grievance investigation, review or response,

except to respond to questions from investigators. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ U.

Even assuming Plaintiff can demonstrate a violation of the MDOC classification or grievance policy, he is not entitled to relief in an action under 42 U.S.C. § 1983. Defendants' alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

Moreover, to the extent that Plaintiff's complaint presents claims under state law, this Court declines to exercise jurisdiction. "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

### B. Eighth Amendment

Plaintiff arguably intends to allege a violation of the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Plaintiff alleges that, when he refused to accept his school assignment, he was deemed unemployable and placed on Double O status and, as an unemployable prisoner, was kept locked in his cell for nine-and-one-half hours each day. Plaintiff's allegations fall far short of the type of deprivation cognizable under the Eighth Amendment. Even placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9(1992) (quoting *Rhodes*, 452 U.S. at 347; *see also Jones v. Waller*, No. 98-5739, 1999 WL 313893, at *2 (6th Cir. May 4, 1999). Here, Plaintiff was not even placed in segregation; he was merely restricted to his cell for a portion of the day.

Although it is clear that Plaintiff was denied certain privileges as a result of his Double O status, he does not allege or show that he was denied basic human needs and requirements. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges cannot establish an Eighth Amendment violation. *See Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *8 (6th Cir. Aug. 23, 2000); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug.11, 1999).

In his paragraph describing the relief he seeks, Plaintiff vaguely alleges one additional deprivation. He states that certain unnamed corrections officers on some unspecified occasions failed to stop at his cell so that he could request the use of the rest room. Plaintiff's allegations contain far too few facts to set forth a plausible claim for relief. *Twombly*, 550 U.S. at 570. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions"), *overruled in other part*, *Goad v. Mitchell*, 297 F.3d 497, 502-03 (6th Cir 2002). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Because Plaintiff fails to identify the conduct of any particular individual or to describe it with sufficient particularity, his allegations fail to state a claim.

### C. Due Process

To the extent that Plaintiff's complaint is construed to allege that his procedural or substantive due process rights were violated when he was ordered to attend school or be placed on Double O status, he fails to state a claim. The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of procedural due process only when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). The *Sandin* Court concluded that mere placement in administrative segregation did not implicate a liberty interest because the segregation at issue in that case did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484; *Wilkinson v. Austin*, 545 U.S. 209, 222-23 (2005).

Here, Plaintiff clearly has failed to suggest that his Double O status imposes an atypical and significant hardship. Plaintiff's sole complaint is that he is confined to his cell during normal working hours. Such a restriction falls far short even of administrative segregation, which has been found not to implicate a liberty interest. *See Jones*, 155 F.3d at 812-23 (two years of segregation while inmate was investigated for murder of prison guard in riot did not implicate due process); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (inmate serving life sentence was placed in segregation after serving thirty days of detention for misconduct conviction of

conspiracy to commit assault and battery); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir.1997) (one year of segregation after inmate was found guilty of possession of illegal contraband and assault and where reclassification was delayed due to prison crowding).  As a result, Plaintiff's allegations fail to rise to the level of a procedural due process violation.

In addition, the substantive Due Process Clause does not provide any basis for relief. "A plaintiff asserting a substantive due process claim faces a virtually insurmountable uphill struggle. He must show that the government conduct in question was so reprehensible as to 'shock the conscience' of the court." *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 n.4 (6th Cir. 1995) (citing *Rochin v. California*, 342 U.S. 165 (1952); *Mertik v. Blalock*, 983 F.2d 1353, 1367-68 (6th Cir.1993)); *see also Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997).  Plaintiff's allegations in this case fail to meet this formidable standard, and, thus, he fails to state a claim that his substantive due process rights were violated.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:     June 5, 2009              /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     Chief United States District Judge